[No. A144762. First Dist., Div. Two. May 18, 2017.]

In re the Marriage of STEVEN STUPP and ANNEMARIE SCHILDERS.
STEVEN STUPP, Respondent, v.
ANNEMARIE SCHILDERS, Appellant.

COUNSEL

Ester Adut for Appellant.

Perry, Johnson, Anderson, Miller & Moskowitz and Deborah S. Bull for Respondent.

OPINION

**MILLER, J.**—Appellant Annemarie Schilders appeals several orders made by the family court about a year after the entry of a stipulated judgment of dissolution of her marriage to respondent Steven Stupp. Schilders challenges orders giving Stupp temporary sole legal custody of the parties' child, requiring that only the parents transport the child to his therapy appointments, continuing a custody trial, requiring Schilders to undergo a vocational

evaluation, and reserving jurisdiction over the allocation of the cost of the evaluation. In the published portion of this opinion, we conclude that the family court abused its discretion in ordering the vocational evaluation when there was no support motion pending, and we will reverse that order. Consequently, we need not reach the issue of allocating the evaluation's cost. We will dismiss the appeal as to the remaining orders because they are not appealable.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2010, Stupp filed a petition for the dissolution of his marriage to Schilders. Ever since, the parties have been involved in contentious legal proceedings.[1] A stipulated judgment of dissolution was entered on March 28, 2014, but custody of the parties' child, who was just a few months old when the original petition was filed, remains subject to temporary orders. Since June 2014, when Schilders appealed from the stipulated judgment (see *Stupp v. Schilders, supra*, A142302), she has initiated more than a dozen further appeals and submitted several writ petitions.[2]

## DISCUSSION

### A., B.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. *The Family Court Erred in Ordering a Vocational Evaluation*

#### 1. *Additional Factual and Procedural Background*

In a written request for orders, Stupp asked the family court to order Schilders to undergo an immediate vocational evaluation pursuant to Family Code section 4331. Stupp argued that the vocational evaluation was appropriate because Schilders had appealed the support orders incorporated in the stipulated judgment, including provisions imputing income to her.[8] Schilders

---

[1] See *Stupp v. Schilders* (Mar. 25, 2016, A142302) (nonpub. opn.); *Stupp v. Schilders* (Mar. 25, 2016, A143186) (nonpub. opn.); *Stupp v. Schilders* (Oct. 25, 2016, A146733, A147151) (nonpub. opn.), *Stupp v. Schilders* (Jan. 24, 2017, A148811) (nonpub. opn.).

[2] After Schilders filed her opening brief in this appeal she filed an unopposed request for judicial notice, which we took under submission for determination with the merits and now grant.

[*] See footnote, *ante*, page 907.

[8] The support terms in the stipulated judgment were subsequently upheld on appeal. (*Stupp v. Schilders, supra*, A142302.)

opposed the request, arguing that there was no legal or factual basis for ordering a vocational evaluation in view of the stay pending appeal of the stipulated judgment.

At the hearing, Schilders's counsel argued that the family court had no power to order a vocational assessment because there was no motion pending regarding spousal support or child support.[9] Schilders's counsel also argued that ordering a vocational evaluation would violate the existing stay arising from Schilders's appeal of the stipulated judgment insofar as the evaluation was relevant to spousal support, because the spousal support terms of the stipulated judgment were being appealed. The family court disagreed: "I don't think ordering a vocational evaluation at this stage is a violation of the stay on appeal. There is a judgment from 2014. The fact that the judgment is on appeal does not prevent this court from going forward with issues that are presently subject to modification, which child support is one. [¶] So I'm going to grant the request for the vocational evaluation." The family court ordered Stupp to advance the cost of the evaluation, subject to reallocation.

### 2. Analysis

Schilders contends that the family court erred by ordering a vocational evaluation "without a pending support motion, without substantial evidence, and for an improper purpose." Stupp does not argue that a support motion was pending, but instead argues that a pending support motion is not required and that substantial evidence supports a finding that good cause justified the order.

■ Family Code section 4331, subdivision (a),[10] provides that "[i]n a proceeding for dissolution of marriage . . . the court may order a party to submit to an examination by a vocational training counselor. The examination shall include an assessment of the party's ability to obtain employment based upon the party's age, health, education, marketable skills, employment history, and the current availability of employment opportunities. The focus of the examination shall be on an assessment of the party's ability to obtain employment that would allow the party to maintain herself or himself at the marital standard of living."[11] Section 4331, subdivision (b) provides that such an order "may be made only on motion, for good cause." A party who fails to comply with an order for a vocational examination is "subject to the same

---

[9] At the hearing, Stupp's counsel argued that a vocational evaluation was relevant to contested issues of custody, as well as to support. Stupp does not pursue this point on appeal and we do not address it here.

[10] Further undesignated statutory references are to the Family Code.

[11] The parties have not identified any reported cases interpreting section 4331, and we have found none.

consequences provided for failure to comply" with an order for a physical or mental examination pursuant to the Civil Discovery Act (Code Civ. Proc., § 2016.010 et seq.). (§ 4331, subd. (c) [referring to "Chapter 15 (commencing with Section 2032.010) of Title 4 of Part 4 of the Code of Civil Procedure"].)

Because section 4331 authorizes the family court to order a vocational examination for good cause, we review the order here for abuse of discretion, just as we review a ruling on a motion to compel discovery for abuse of discretion. (*Pomona Valley Hospital Medical Center v. Superior Court* (2012) 209 Cal.App.4th 687, 692 [147 Cal.Rptr.3d 376] ["the trial court is vested with wide statutory discretion to manage discovery"].) It is an abuse of discretion when the trial court applies the wrong legal standard. (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733 [101 Cal.Rptr.3d 758, 219 P.3d 736].) Here, the appropriate standard, and therefore the propriety of the discovery order, turn on statutory interpretation, so we determine the issue de novo as a question of law. (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123 [52 Cal.Rptr.3d 185].)

■ "In interpreting a statute, we begin with its text, as statutory language typically is the best and most reliable indicator of the Legislature's intended purpose. [Citations.] We consider the ordinary meaning of the language in question as well as the text of related provisions, terms used in other parts of the statute, and the structure of the statutory scheme." (*Larkin v. Workers' Comp. Appeals Bd.* (2015) 62 Cal.4th 152, 157 [194 Cal.Rptr.3d 80, 358 P.3d 552].)

■ The court's role in construing a statute "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." (Code Civ. Proc., § 1858.) " ' " 'Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.' [Citation.] Interpretations that lead to absurd results or render words surplusage are to be avoided. [Citation.]" [Citation.]' (*People v. Loeun* (1997) 17 Cal.4th 1, 9 [69 Cal.Rptr.2d 776, 947 P.2d 1313].)" (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1037 [175 Cal.Rptr.3d 601, 330 P.3d 912].)

■ The Family Code does not define what "good cause" means for section 4331. But the text of section 4331 tells us that the "focus" of the examination is "an assessment of the party's ability to obtain employment that would allow the party to maintain herself or himself at the marital standard of living." (§ 4331, subd. (a).) And section 4331 is in a chapter of the Family

Code entitled "Spousal Support Upon Dissolution or Legal Separation."[12] Taken together, this suggests that there can be good cause for a vocational examination under section 4331 only if the examination is relevant to a determination of spousal support. Put another way, if support is not at issue, there is no need for the inquiry that a vocational examination is intended to address, and no "good cause" to order one. A leading practical treatise apparently takes a similar view, reasoning that absent a definition of good cause, "any showing that the spouse seeking support or the spouse contesting a support award (as the case may be) is capable of working but is unemployed or *underemployed* will suffice" to justify a vocational examination. (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2016) ¶ 6:846, p. 6-429.)

■ Here, there was no pending motion for support and no good cause to order a vocational examination. Stupp requested the order because Schilders "has appealed the support orders, including the imputation [to her] of income." Stupp argued that after an examination, "the expert will report back to the court with an opinion as to what if any is her ability to earn in the outside world and where the opportunity exists for her to earn that." This kind of report may be important when there is a controversy before the family court as to support, but there was no such controversy at the time the order was made. The mere fact that support orders have been appealed does not justify ordering a vocational examination. After all, the support orders may be affirmed on appeal, as they were in this case. (*Stupp v. Schilders, supra,* A142302.)

Our interpretation of "good cause" in section 4331 and our conclusion that there was not good cause here are consistent with the general provisions in the Family Code for postjudgment discovery in connection with support. Division 9 of the Family Code, which includes section 4331 in part 3, also includes a group of statutes that permit limited postjudgment discovery before commencing a proceeding to modify or terminate an order for child, family or spousal support. (§§ 3660–3668.) These sections, codified as "Article 2" are instructive.

■ The purpose of Article 2 "is to permit inexpensive discovery of facts *before* the commencement of a proceeding for modification or termination of an order for child, family, or spousal support." (§ 3660, italics added.) Section 3662 limits the types of discovery that may be used: "Methods of discovery *other than that described in this article* may only be used if a motion for modification or termination of the support order is pending." (§ 3662, italics added.) Section 3663 further limits the use of discovery: "In the absence of a

---

[12] Section 4331 is codified in division 9 of the Family Code ("Support"), in part 3 ("Spousal Support"), chapter 3 ("Spousal Support Upon Dissolution or Legal Separation").

pending motion for modification or termination of a support order, a request for discovery pursuant to this article may be undertaken not more frequently than once every 12 months." The remainder of Article 2 describes the types of permitted discovery in the absence of a pending motion to modify or terminate support. These include a request for a current income and expense declaration (§ 3664) and income tax returns (§ 3665)—but not a request for a vocational examination. (See generally *In re Marriage of Boblitt* (2014) 223 Cal.App.4th 1004, 1023–1024 [167 Cal.Rptr.3d 777] (*Boblitt*).)[13]

■ To summarize, where there was no support-related motion pending there was no good cause to order a postjudgment vocational examination under section 4331. The family court's order was therefore an abuse of discretion, and we will reverse it. Because we reverse the order for a vocational evaluation, we need not reach the question whether the family court erred in reserving allocation of the cost of the evaluation.

## DISPOSITION

Schilders's request for judicial notice is granted. The appeal is dismissed as to the February 6, 2015 orders, and as to the April 3, 2015 order continuing the trial date. The family court's April 3, 2015 order that Schilders undergo a vocational evaluation is reversed. The parties shall bear their own costs on appeal.

Kline, P. J., and Stewart, J., concurred.

---

[13] In *Boblitt*, the Court of Appeal considered whether a postjudgment motion for modification or termination of a support order automatically reopens all methods of discovery available under the Civil Discovery Act. (*Boblitt, supra*, 223 Cal.App.4th at p. 1023.) *Boblitt* answered the question in the negative: "We do not understand [Article 2] to imply that once a postjudgment motion for modification or termination of a support order *is* pending, discovery in the action automatically reopens . . . . Rather, we understand the provision to mean simply that when there is no motion pending, the only discovery that may be conducted is a request for an income and expense declaration and, in some instances, a request for pay and benefit information from the other party's employer. In other words, if after judgment a party simply wants to explore the possibility of moving to modify support, the only discovery that is available is that provided for in [Article 2]." (*Id.* at pp. 1023–1024.)