Filed 11/25/24 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PATRICIA MERCADO, <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF ORANGE COUNTY, <br><br> Respondent; <br><br> MICHAEL AUER WOLF, <br><br> Real Party in Interest. | G063594 <br><br> (Super. Ct. No. 22P000196) <br><br> ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed on November 21, 2024, be modified as follows:

After the first sentence of the last paragraph on page 4, add footnote 3, which will require renumbering of all subsequent footnotes. Footnote 3 reads:

"Although the reporter's transcript indicates Mercado's counsel referred to section 4311, we assume her counsel intended to refer to section 4331."

There is no change in the judgment.

SANCHEZ, ACTING P. J.

WE CONCUR:

DELANEY, J.

GOODING, J.

Filed 11/21/24 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| PATRICIA MERCADO, | |
| Petitioner, | |
| v. | G063594 |
| THE SUPERIOR COURT OF ORANGE COUNTY, | (Super. Ct. No. 22P000196) |
| Respondent; | O P I N I O N |
| MICHAEL AUER WOLF, | |
| Real Party in Interest. | |

Original proceedings; petition for a writ of mandate/prohibition/supersedeas to challenge orders of the Superior Court of Orange County, Claudia J. Silbar, Judge and Paul Minerich, Judge. Petition granted.

Ester Adut for Petitioner.

Minyard Morris, Alexander C. Payne and Scott Savage for Real Party in Interest.

\* \* \*

Real party in interest Michael Auer Wolf (Wolf) filed a request for order for a vocational evaluation of petitioner Patricia Mercado (Mercado) in the underlying parentage action. The respondent court granted Wolf's request and later granted his motion to compel Mercado to undergo the vocational evaluation. Mercado filed an amended petition for writ of mandate, prohibition, or other appropriate relief. She argued, among other things, the court lacked jurisdiction to order a vocational evaluation because it was not authorized by any statute. We issued an order to show cause why mandate or other appropriate relief should not issue and also issued a temporary stay of all proceedings. For the reasons below, we now grant Mercado's petition.

STATEMENT OF FACTS

I.

WOLF'S PETITION

In March 2022, Wolf filed a petition to determine him the father of Mercado's two children and seeking, inter alia, joint legal and physical custody of the children. In response, Mercado checked a box on a Judicial Council form stating Wolf was "the parent of the children" and sought sole legal and physical custody of the children for herself with visitation for Wolf.

II.

THE DEPARTMENT OF CHILD SUPPORT SERVICES' INVOLVEMENT

In April 2022, the Department of Child Support Services (DCSS) filed a "Notice Regarding Payment of Support," which stated DCSS was providing child and medical support and that Wolf was the "obligor." [1]

_____

[1] On our own motion, we augment the record to include the following documents filed in the underlying action: (1) "Notice Regarding Payment of Support" filed on April 7, 2022; (2) DCSS' notice of motion filed on

2

In May 2022, DCSS filed a declaration noting Mercado had opened a case with DCSS the day after Wolf filed the instant parentage action. DCSS requested a "guideline child support," that child support issues be transferred to a child support commissioner, and that the parties exchange financial information 15 days before a hearing. DCSS noted Family Code section 4251, subdivision (a)[2] provides that "a child support commissioner shall hear all actions in which enforcement services are being provided pursuant to . . . [s]ection 17400."

## III.

### WOLF'S REQUEST FOR A VOCATIONAL EVALUATION AND THE COURT'S ORDER

In October 2022, Wolf filed a request for order for a vocational evaluation of Mercado pursuant to section 3558 and identified a specific consultant who would conduct the evaluation. In a supporting declaration, Wolf claimed Mercado was a 44-year-old licensed dentist who had no intention of seeking employment. Wolf also submitted a proposed order indicating the focus of the evaluation was "an assessment of [Mercado's] ability to obtain employment and her earning capacity for purposes of imputing income to [her] for use in determining child support." The proposed order further noted Mercado had to provide the following documents if requested by the consultant: "a summary of educational history, transcripts, list of past employment, wage history, resume, licenses, certificates, pay stubs, Social Security statements . . . ., W-2 forms, other writings verifying

March 30, 2023; and (3) a May 4, 2023 order by the child support commissioner. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

[2] All further statutory references are to the Family Code unless otherwise stated.

past earnings, a job search log if looking for work[,]" and "any medical reports supporting any claim that there is a medical issue affecting her ability to work." Finally, the proposed order said the consultant would provide any generated report to both parties no later than 10 days before a relevant hearing.

In December 2022, Wolf filed a joint statement of disputed issues for trial. Among other things, the joint statement listed child support as an issue for trial and stated child support was "reliant" on the parenting time ordered by the court and the pending vocational evaluation request.

In February 2023, Mercado opposed Wolf's request and addressed two different statutes – sections 4331 and 4058. Mercado argued a vocational evaluation was improper under section 4331 as the pending matter was not a marital dissolution case involving spousal support. She also argued a vocational evaluation was not warranted under section 4058 because the only issues before the court concerned custody and visitation. She claimed DCSS was handling child support obligations and noted DCSS had requested child support issues be sent to a commissioner. Finally, Mercado requested sanctions against Wolf for filing his request in bad faith.

At the hearing in February 2023, Mercado's counsel argued section 4311 provides for a vocational examination only in martial dissolution or legal separation matters, the instant matter was a paternity case, and DCSS had requested a commissioner decide child support issues. The court asked if child support was at issue, and Mercado's counsel responded it was at issue in the "[DCSS] court with that commissioner over there." The court responded: "I am not making child support orders. I am not being asked to make child support orders. Any child support orders will be made with a Title Four commissioner over at the Lamoreaux Justice Center. This is merely a

motion to require Dr. Mercado to undergo a vocational evaluation." The court then granted Wolf's request and ordered Mercado to undergo a vocational evaluation by Wolf's chosen consultant.

In its February 2023 order, the court omitted any reference to section 3558, which was the basis for Wolf's request, but did not cite to any other statutory provision. It otherwise adopted Wolf's proposed order with some minor modifications, including the deletion of language stating the report would be admitted into evidence.

IV.

DCSS' NOTICE AND MERCADO'S INITIAL APPEAL

In March 2023, DCSS filed a notice of motion providing notice to Mercado and Wolf that it was requesting child support for the children at a hearing in May 2023. In an attached declaration, DCSS requested the court establish a child support order or a "guideline order" because Mercado received income from a need-based assistance program. DCSS also requested both parents maintain health insurance for the children and file income and expense declarations before the hearing.

The child support commissioner continued the hearing once in May 2023 at Wolf's request and again in June 2023 at Mercado's request. In June and July 2023, Mercado and Wolf filed income and expense declarations.

In June 2023, Mercado filed a notice of appeal from the court's February 2023 order requiring she undergo a vocational evaluation. This court dismissed her appeal as untimely.

5

V.

WOLF'S MOTION TO COMPEL

In August 2023, Wolf filed a motion to compel Mercado to submit to the vocational examination ordered in February 2023 and for sanctions. He included his declaration along with exhibits indicating: (1) DCSS filed a notice of motion for modification of child support in March 2023; (2) Mercado scheduled and rescheduled her vocational evaluation in April 2023; (3) the child support hearing was continued to June 2023 in part due to the delayed vocational evaluation; (4) Mercado later indicated she would not be available for the vocational evaluation until July 2023; and (5) the child support hearing was again continued to August 2023 in part due to the delayed vocational evaluation.

Wolf's motion to compel relied on sections 4053, 4058, and 4331, which were not referenced in his initial request. Among other things, he argued Mercado voluntarily quit working despite her ability to do so because she was a licensed dentist. He accordingly claimed Mercado was attempting "to shirk her responsibilities to contribute to the support of the children . . . ."

A few weeks after Wolf's motion to compel, the child support commissioner took the matter pending before him off calendar pursuant to the County's request. The minute order states: "[DCSS] requests to take this matter off calendar as the County is not enforcing in this case."[3]

---

[3] Relying on a request for judicial notice filed in the trial court, Mercado's petition states DCSS closed its case, notifying her that it closed its case "because good cause was granted to [her] and no court orders were established."

6

In September 2023, the court issued a minute order denying Mercado's request for a domestic violence restraining order against Wolf. The order noted Mother was no longer requesting child support, Wolf requested "contribution toward attorney's fees for the litigation," and the court felt "that any monetary requests warrant[] a vocational evaluation and [would] not make a fee order at this time until the issue regarding the vocational evaluation [was] resolved."

In November 2023, Mercado filed an opposition to Wolf's motion to compel, arguing the court should not enforce its February 2023 order requiring a vocational evaluation and that sanctions were not warranted. She claimed the court's order was void because the court lacked jurisdiction to issue it when there was no pending motion for spousal or child support. She noted the court issued its order on February 28, 2023 before DCSS requested child support on March 30, 2023. She also emphasized Wolf's initial request relied on section 3558, which does not authorize a vocational evaluation. She further argued the order violated her constitutional rights because it required her to disclose private financial and medical documents to the consultant. Finally, Mercado argued the order violated her discovery rights because the consultant had to provide his report to the parties "'upon completion and *no later than ten (10) days prior to any hearing* at which either party will rely on the report.'" (Italics added.)

VI.

THE HEARING ON WOLF'S MOTION TO COMPEL AND THE COURT'S ORDER

The court granted Wolf's motion to compel the vocational evaluation in November 2023. At the hearing, Wolf argued child support was pending because Mercado could raise the issue at any time and because section 4053 requires both parents to support their children according to

7

their ability. He suggested he could not determine Mercado's ability without a vocational evaluation and argued he was entitled to determine her earning capacity through discovery. He also said child support was one of the issues for trial. Mercado disagreed, claiming child support was not at issue because neither party requested it and DCSS had dismissed its case.

The court was unaware the DCSS case was closed. Regardless, the court held child support is at issue in a paternity case regardless of whether the parties ask for it. The court explained it could "consider making a child support order" and "public policy cases . . . talk about that issue extensively." The court also emphasized the form petition to determine parental relationship "doesn't even have a checked off box" regarding child support and "simply says the [c]ourt can make a child support order." The court later noted it could order child support based on the "best interests" of the child and would need expert assistance to determine earning capacity.

The court next noted Mercado had requested a child support order in her "domestic violence action" although no support order was ultimately made and DCSS had filed a motion for child support. Regarding statutory authority, the court agreed section 4331 appeared in a spousal support section of the Family Code but did not believe it precluded the court from requesting a vocational evaluation for child support. Although Wolf raised Evidence Code section 730 for the first time in his reply brief, the court said the latter statute provided another basis for the court to order a vocational evaluation. For these reasons, the court held its February 2023 order was not void, ordered Mercado to comply with the order, and continued the issue of sanctions for a future hearing.

8

In its minute order, the court said it did not make any changes to the February 2023 order but would "review the issue at the next hearing." The court requested Wolf prepare a formal order and suggested it did not believe a statement of decision was necessary but would consider Mercado's request for one in January 2024.

It appears Wolf never prepared a formal order, and Mercado claims she received the minute order granting Wolf's motion to compel on January 4, 2024. On January 5, 2024, the court tentatively ordered Mercado to pay $4,425 in sanctions for failing to comply with the vocational evaluation order and precluded her from presenting any evidence regarding "any financial issues in which [her] ability to pay would be relevant."

VII.

MERCADO'S PETITION FOR WRIT OF MANDATE/PROHIBITION

In January 2024, Mercado filed an amended petition for writ of mandate, prohibition, or other appropriate relief. She requested we stay the trial court proceedings pending a decision on her petition and issue a peremptory writ of mandate or prohibition directing the respondent court to vacate its February 2023 and November 2023 orders.

We issued an order inviting an informal response from Wolf who filed an informal opposition to the petition. In February 2024, we issued an order to show cause why mandate or other appropriate relief should not issue. We also issued a temporary stay of all proceedings and provided deadlines for Wolf to file a formal return to the petition and for Mercado to file a reply to that return. Wolf did not file a return.[4]

---

[4] We accept the verified allegations in Mercado's petition as true because Wolf did not file a return. (*Bank of America, N.A. v. Superior Court* (2013) 212 Cal.App.4th 1076, 1084.)

9

DISCUSSION

Mercado contends the court's February 2023 order is void because the court lacked jurisdiction to order a vocational evaluation unauthorized by any statute. She argues the November 2023 order granting Wolf's motion to compel is also void because it enforces a void order. Mercado further claims the court erred by not correcting or vacating the vocational evaluation order because it violates her due process rights to notice, her discovery rights, and her privacy rights. We grant Mercado's petition because Wolf did not establish he was entitled to a vocational evaluation under any relevant statutory authority.

At the outset, we note the parties disagree as to whether child support is at issue in the underlying action. In his informal opposition, Wolf contends child support is always at issue in a paternity action and notes he identified child support as an issue for trial. Mercado argues Wolf never requested child support or to impute income to her. She adds that the DCSS case was ultimately closed.[5] Assuming, without deciding, that child support

---

[5] Shortly before oral argument, Mercado requested we take judicial notice of: (1) two DCSS letters addressed to Mercado; (2) 21 orders issued in the underlying action; and (3) the decision in *Thomas B. v. Superior Court* (1985) 175 Cal.App.3d 255. She argues many of these documents show there was no child support order when DCSS filed a motion to modify support or notice regarding payment of support. We deny the requests for judicial notice as the documents are unnecessary to resolve this appeal. Regarding *Thomas B.*, the case could have been but was not presented to the trial court in this case. "'An appellate court may properly decline to take judicial notice under Evidence Code sections 452 and 459 of a matter which should have been presented to the trial court for its consideration in the first instance.'" (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 688, fn. 10.) Mercado also requested we make findings of fact that, inter alia, no child support order was made and DCSS closed its case. We deny her request as the findings are unnecessary to resolve this appeal. (See *Diaz v. Professional*

10

was "at issue" in the underlying parentage action, the court erred by requiring Mercado to undergo a vocational evaluation given the specific circumstances of this case.

## A. *Standard of Review and Statutory Construction*

If a statute authorizes a vocational evaluation for good cause or pursuant to a court's discretion, we review the order for an abuse of discretion like a motion to compel discovery. (*In re Marriage of Stupp & Schilders* (2017) 11 Cal.App.5th 907, 912.) "It is an abuse of discretion when the trial court applies the wrong legal standard." (*Ibid.*) To the extent our review of the court's orders turns on statutory interpretation, we determine the issue de novo as a question of law. (*Ibid.*)

"Our fundamental task in statutory interpretation, "'is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.'" [Citation.] We begin as always with the statute's actual words, the "most reliable indicator" of legislative intent, "assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs. On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction. In cases of uncertain meaning, we may also consider the consequences of a

_____

*Community Management, Inc.* (2017) 16 Cal.App.5th 1190, 1213 [""'[A]lthough appellate courts are authorized to make findings of fact on appeal by Code of Civil Procedure section 909 . . ., the authority should be exercised sparingly. [Citation.] *Absent exceptional circumstances, no such findings should be made*""'].) Finally, Mercado requested we augment the record to include a June 15, 2023 minute order. We need not augment the record because the latter order is already in our record.

11

particular interpretation, including its impact on public policy."'" (*Thai v. Richmond City Center, L.P.* (2022) 86 Cal.App.5th 282, 288.)

## B.  Section 3558

Wolf's initial request for a vocational evaluation was based only on section 3558. The statute provides: "In a proceeding involving child or family support, a court may require either parent to attend job training, job placement and vocational rehabilitation, and work programs, as designated by the court, at regular intervals and times and for durations specified by the court, and provide documentation of participation in the programs, in a format that is acceptable to the court, in order to enable the court to make a finding that good faith attempts at job training and placement have been undertaken by the parent." (§ 3558.) The parties cite to no legal authority, and we are aware of none, holding a vocational evaluation is authorized under section 3558.

## C.  Section 4331

Wolf's motion to compel relied, in part, on section 4331. The statute states in pertinent part: "*In a proceeding for dissolution of marriage or for legal separation of the parties*, the court may order a party to submit to an examination by a vocational training counselor. The examination shall include an assessment of the party's ability to obtain employment based upon the party's age, health, education, marketable skills, employment history, and the current availability of employment opportunities. *The focus of the examination shall be on an assessment of the party's ability to obtain employment that would allow the party to maintain their marital standard of living*." (§ 4331, subd. (a), italics added.)

The order for a vocational evaluation also "may be made only on motion, *for good cause*, and on notice to the party to be examined and to all parties." (§ 4331 subd. (b), italics added.) The statute does not define "good cause," but case law holds "there can be good cause for a vocational evaluation under section 4331 only if the examination is relevant to a determination of spousal support." (*In re Marriage of Stupp and Schilders, supra*, 11 Cal.App.5th at p. 913.) "Put another way, if support is not at issue, there is no need for the inquiry that a vocational examination is intended to address, and no 'good cause' to order one." (*Ibid.*) This conclusion makes sense because section 4331 appears in a spousal support section of the Family Code, which the trial court acknowledged, and the "focus" of a vocational examination is "an assessment of the party's ability to obtain employment . . . to maintain . . . the marital standard of living." (§ 4331, subd. (a).)

Here, the parties are not dissolving a marriage or legally separating in the underlying parentage action, and there was no pending spousal support motion before the court. There accordingly was no good cause to order a vocational evaluation pursuant to section 4331.

D. *Section 4058*

Wolf's request for a vocational evaluation was not based on section 4058. But his motion to compel referenced section 4058, which appears in a part of the Family Code regarding court–ordered child support. By way of background, California has a statewide uniform child support guideline, a mathematical formula, to calculate child support. (§ 4055.) The child support amount generated by the guideline formula is presumptively correct (§§ 4053, subd. (k), 4057, subd. (a).) Courts adhere to the following principles when implementing the child support guideline: (1) "[a] parent's first and principal obligation is to support the parent's minor children

13

according to the parent's circumstances and station in life"; and (2) "[b]oth parents are mutually responsible for the support of their children." (§ 4053, subds. (a)-(b).)

In determining a guideline award, courts consider the parents' annual gross income (§§ 4055, 4058), which generally means "income from whatever source derived." (§ 4058, subd. (a).) Section 4058, subdivision (b), which is central to the instant appeal, allows courts to impute income based on earning capacity to determine guideline child support. Effective September 1, 2024, the statute states the court "shall consider the earning capacity of the parent" "when a parent's annual gross income is unknown." (§ 4058, subd. (b)(1)(A).) By contrast, "when a parent's annual gross income is known, the court may, in its discretion, consider the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children, taking into consideration the overall welfare and developmental needs of the children, and the time that parent spends with the children." (§ 4058, subd. (b)(1)(B).)

At the time of the trial court's orders, section 4058 did not distinguish between "known" versus "unknown" annual gross income. In all circumstances, it provided: "The court may, in its discretion, consider the earning capacity of a parent in lieu of the parent's income, *consistent with the best interests of the children, taking into consideration the overall welfare and developmental needs of the children, and the time that parent spends with the children.*" (§ 4058, subd. (b)(1), italics added [effective Sept. 27, 2022 to Dec. 31, 2023].)

To determine a parent's "earning capacity," the court must consider specific circumstances if known, including, "the parent's assets, residence, employment and earnings history, job skills, educational

14

attainment, literacy, age, health, criminal record and other employment barriers, and record of seeking work, as well as the local job market, the availability of employers willing to hire the parent, prevailing earnings levels in the local community, and other relevant background factors affecting the parent's ability to earn." (§ 4058, subd. (b)(2).)

The plain language of section 4058 does not authorize vocational evaluations, but legislative history indicates the Legislature intended to expand the use of vocational evaluations to proceedings involving child support. (Assem. Com. on Judiciary, Rep. on Assem. Bill No. 2780 (2017-2018 Reg. Sess.) as amended on April 25, 2018); see Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2024) ¶6:455.9 [suggesting a "conclusory allegation and finding to the effect that the obligor 'could make more' will not support an imputed income order" and recommending a qualified expert perform a vocational examination to establish a specific salary range]; *In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, 1309 [affirming an order denying a father's attempt to impute income where he presented no evidence of the mother's abilities or opportunities to earn income and there was no vocational examination].)

While a vocational evaluation is permitted under section 4058, it is not automatic. A party requesting another party undergo a vocational evaluation is not entitled to the evaluation just because he or she requests it in a parentage action. By explicit statutory direction, a trial court cannot consider earning capacity in lieu of actual income unless it would be "*consistent with the best interests of the children*, taking into consideration the overall welfare and developmental needs of the children, and the time that parent spends with the children." (§ 4058, subd. (b)(1)(B), italics added.) The legislative history likewise suggests the Legislature intended courts

15

consider the best interests of the children before ordering a vocational evaluation. An Assembly Judiciary Committee report explains: "[A] court, in a proceeding involving child support, except a proceeding in which a parent is receiving needs-based public assistance, [is allowed] to order a party to submit to an examination by a vocational training counselor, *provided the court determines that doing so is in the best interest of the children considering their overall welfare, their developmental needs, and the time the party who may be subject to the vocational assessment spends with the children.*" (Assem. Com. on Judiciary, Rep. on Assem. Bill No. 2780 (2017-2018 Reg. Sess.) 2018, italics added.) The report further states: "[T]he court, when . . . considering a vocational assessment, must, when considering the best interest of the child, *consider the overall welfare and the developmental needs of the children, and the time that parent spends with the children.*" (*Ibid.*)

Considering the statute's "best interests" language and the legislative history, the party seeking a vocational evaluation to impute earning capacity must at least make a preliminary showing that the vocational evaluation would be in the best interests of the children and that the other party has the ability and opportunity to earn income. (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1246 [noting earning capacity is composed of the ability to work and an opportunity to work]; see Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2024) ¶6:846, italics omitted) [addressing vocational evaluations under section 4331 and suggesting "any showing that the spouse seeking support or the spouse contesting a support award (as the case may be) is capable of working but is unemployed or underemployed will suffice"].) Like the vocational evaluations authorized for spousal support under section 4331, there must be some

16

showing of good cause—*e.g.*, some initial showing regarding the best interests of the children.

Here, Wolf's request that Mercado undergo a vocational evaluation did not contain any allegation or evidence regarding the best interests of the children. He also did not address how the vocational evaluation or imputing income to Mercado would be in the children's best interests at the hearing on his initial request or at the hearing on his motion to compel. And his informal opposition on appeal does not address the issue. The only brief statement he made regarding the children's best interests appears in his motion to compel: "If [Mercado] were to become employed in her field of work as a dentist, the children would be living at a higher standard of living between both homes." This conclusory statement does not address the developmental needs of the children or the time Mercado spends with the children. (§ 4058, subd. (b)(1)(B).) The trial court likewise did not address the best interests of the children before ordering Mercado to undergo a vocational evaluation. Instead, at the motion to compel hearing, the court generally noted it could order child support based on the "best interests" of the children and would need expert assistance to determine earning capacity. It did not indicate why a vocational evaluation would be in the best interests of the children, considering their overall welfare and developmental needs or the time Mercado spends with them.

Finally, we generally disagree with Wolf's suggestion that a vocational evaluation is a discovery tool available to litigants even if there is no pending motion for child support because child support *may* become an issue in the future. Wolf misreads the statute. As noted *ante*, the court must engage in a best interests test in exercising its discretion. The best interest test applies to the court's consideration of whether to impute income, a

circumstance that must exist for the court to order a vocational evaluation under section 4058.

*E. Evidence Code Section 730*

Wolf raised Evidence Code section 730 in his reply brief in support of the motion to compel, and at the hearing on the latter motion, the court said the statute supported its vocational evaluation order. Not so. Evidence Code section 730 provides the court "on its own motion or on motion of any party may appoint one or more experts to investigate, to render a report as may be ordered by the court, and to testify as an expert at the trial . . . ." Experts under Evidence Code section 730 are generally neutral experts appointed by the court, not retained experts like Wolf's chosen consultant. (*In re Marriage of Adams & Jack A.* (2012) 209 Cal.App.4th 1543, 1562 ["Section 730 . . . authoriz[es] a court to 'appoint a disinterested expert who serves the purpose of providing the court with an impartial report'"].)

*F. Attorney's Fees*

In an unrelated minute order regarding Mercado's request for a domestic violence restraining order, the court noted Wolf requested "contribution toward attorney's fees for the litigation." The court decided not to issue a fee order until after Mercado's vocational evaluation because it believed "any monetary requests warrant[] a vocational evaluation." The parties cite to no authority, and we are aware of none, upholding a vocational evaluation order due to a fee request that was not the basis of the moving party's request for a vocational evaluation and was not mentioned by the court as a basis for granting the vocational evaluation or subsequent motion to compel.

18

For the foregoing reasons, the court erred by granting Wolf's request that Mercado undergo a vocational evaluation because there was no statutory basis for the orders. We therefore order the court to vacate its vocational evaluation orders, but without prejudice to the court's subsequent consideration of the issue on its own motion or by a request filed by either party.

## DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue ordering respondent court to vacate its February 28, 2023 order requiring Mercado undergo a vocational evaluation and its November 17, 2023 order granting Wolf's motion to compel, and to enter a new order denying Wolf's request for a vocational evaluation. The stay order imposed by the court is dissolved upon issuance of the remittitur. The order to show cause is discharged. Mercado shall recover her costs incurred in this original proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A); *Kec v. Superior Court* (2020) 51 Cal. App. 5th 972, 981.)

SANCHEZ, ACTING P. J.

WE CONCUR:

DELANEY, J.

GOODING, J.

19